## DAVE WHITE v. STATE.

No. A-1996.   Opinion Filed April 18, 1914.

(139 Pac. 1154.)

TRIAL—Failure to Read Indictment—Waiver of Objection. Failure of the clerk or county attorney to formally read the indictment and state the plea of the defendant to the jury after they were impaneled and sworn, as required by section 5870, Rev. Laws 1910, will not constitute reversible error, where no objection was made until after verdict. Proceeding to trial without objection will be deemed a waiver of the statutory requirement.

*Appeal from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Dave White was convicted of larceny, and appeals. Affirmed.

*J. H. Warren,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error, Dave White, was indicted jointly with George Hughes and Will Williams for the larceny of a domestic animal.  He was separately tried and convicted, and his punishment assessed at confinement in the penitentiary for one year.  The judgment and sentence was rendered on the 16th day of November, 1912.  From the judgment entered on the verdict, he appeals.

Plaintiff in error complains "that the indictment was not read, and his plea stated to the jury by the clerk or county attorney, after the jury had been impaneled and sworn."  The case-made fails to show that the indictment was read and the plea stated, as required by section 5870, Rev. Laws 1910, providing:

"The jury having been impaneled and sworn, the trial must proceed in the following order:  First. If the indictment or information is for a felony, the clerk or county attorney must read it, and state the plea of the defendant to the jury.  In other cases this formality may be dispensed with."

No objection was made in any form to the failure of the clerk or county attorney to so read the indictment and state the plea until after the verdict.  The question was raised for the first time on the motion for a new trial.  It appears from the record that plaintiff in error was duly arraigned, and entered a plea of not guilty, and that the jury were otherwise sufficiently informed of the nature of the charge against the plaintiff in error, and also of his plea.  Criminal cases should be reviewed with the idea of promoting justice, and not for the purpose of determining as to whether there is some technical error by which the accused may be aided in avoiding just punishment for his crime; when the evidence establishes his guilt, no technical error which has not affected the result of the trial should be made the means of escape.  If by the record it appeared that plaintiff in error had objected on that ground against proceeding with the trial, then a different  question would be presented.  Proceeding to trial without objection will be deemed a waiver of the statutory requirement.

The other errors assigned we deem unimportant and without substantial merit. The evidence is, in our judgment, sufficient to support the verdict and judgment.

Finding no reversible error in the proceedings, the judgment will be affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.